# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1367 | **DATE** | 7/29/2008 |
| **CASE TITLE** | BCS Services, Inc vs. Heartwood 88, Inc et al | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Quash and to Stay Discovery [62], [66], [68], [71], [73] are DENIED in part, and DENIED as moot in part.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Sass Muni-IV, LLC, Sass Muni-V, LLC, Salta Group, Marshall Atlas, HBZ Inc., Lori Levinson, Judith Burger, Heartwood 88 ("Defendants") bring separate Motions to Quash subpoenas issued by BCS Services *et al.* ("Plaintiffs") on nonparty banks, and to stay discovery [Doc. Nos. 62, 66, 68, 71, 73]. For the reasons stated below, Defendants' Motions to Quash are DENIED in part, and DENIED as moot in part.

As a preliminary matter, Defendants request to stay discovery is moot. Discovery was stayed while the case was pending in the Supreme Court. Now that the matter has been resolved by the Court, the stay is lifted.

On July 22, 2008, this Court held oral arguments. During the arguments, Defendants limited their motion to two objections: (1) whether the information sought by the subpoenas is discoverable, and (2) whether the information sought by the subpoenas is off-limits to discovery because it may constitute or contain trade secret and proprietary information.

The ten subpoenas were issued by Plaintiffs to ten nonparty banks requesting Defendants' banking information. Pursuant to Federal Rule of Civil Procedure ("Rule") 26(b)(1): "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Plaintiffs would like Defendants' bank documents to prove that Defendants were commingling funds, which would prove that Defendants entered into agreements before the Cook County auction took place to bid on liens, in violation of the County Rule. Plaintiffs also claim that some Defendants deposited money in the personal accounts of other Defendants. The money that was allegedly deposited in the personal accounts of some Defendants was used as collateral for loans. The loans were allegedly obtained pursuant to the

## STATEMENT

purported illegal agreement between Defendants.

The Court finds that the bank documents are discoverable. The bank documents could lead to relevant information and could determine whether or not there was commingling of funds – a central theme in Plaintiffs' theory.

The Protective Order entered into by the parties on July 22, 2008 moots the issue of whether or not the information is off limits because it specifically addressed the use and handling of trade secrets or other confidential information. The Court balanced the public's interest against the "property and privacy interests of the litigants" and found good cause to enter a Protective Order which provides that certain documents are to be designated as confidential. *Citizens v. First National Bank v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999). Defendants' concern that trade secret or confidential information would injure their business is therefore addressed by the Protective Order. The "Highly Confidential" definition contained in the Protective Order allows for trade secret or other confidential information to be viewed on an "Attorneys' Eyes Only" basis [Doc. No. 302]. Under the terms of the Protective Order, a party may not view any documents containing trade secrets or highly confidential information unless it opposes the highly confidential designation and the producing party cannot show good cause as to why those documents should be so designated. Accordingly, relevant trade secret or confidential information is discoverable and subject to the Protective Order.

For the reasons stated above, Defendants' Motion to Quash and to Stay Discovery [Docs. Nos. 62, 66, 68, 71, 73] are DENIED in part, and DENIED as moot in part.