# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1367 | **DATE** | 7/15/2009 |
| **CASE TITLE** | \multicolumn{3}{l}{BCS Services, Inc., et al. vs. Heartwood 88, Inc., et al.} |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section below, The G3 Defendants' and The Sass Defendants' motions to dismiss [475, 479] are denied. Defendants are ordered to file an Answer to Plaintiffs' Third Amended Complaint on or before August 7, 2009.

■[ For further details see text below.]     Notices mailed.

## STATEMENT

Before the court are Defendants G3 Holdings, L.L.C., Gregory Wilson, and Donald Grant Wilson's ("The G3 Defendants") and Sass Muni-IV, LLC, Sass Muni-V, LLC, M.D. Sass Municipal Finance Partners-IV, LLC, M.D. Sass Municipal Finance Partners-V, LLC, M.D. Sass Tax Lien Management, LLC, M.D. Sass Investor Services, Inc., Vinaya Jessani, and Kirk Allison's ("The Sass Defendants") motions to dismiss [475, 479]. In this companion case to *Phoenix Bond & Indemnity Co. v. Bridge*, No. 05 C 4095 (N.D. Ill.) (the "*Bridge* Litigation"), Plaintiffs BCS Services, Inc. and Phoenix Bond & Indemnity Company alleged civil RICO claims against numerous defendants based on those defendants' alleged violation of the Cook County Treasurer's Single Simultaneous Bidder Rule. In this case, as in the *Bridge* Litigation, several defendants have previously moved to dismiss Plaintiffs' pleadings. This court therefore will not reiterate the facts underlying the parties' dispute here.

In their motions to dismiss, the G3 Defendants and the Sass Defendants (collectively the "Defendants") raise four primary arguments. Because many of Defendants' arguments overlap, for purposes of this motion, the court will address the overlapping arguments as they relate to all defendants rather than addressing each argument separately as to each defendant.

Defendants first challenge Plaintiffs' Third Amended Complaint [525][1] on the ground that, Defendants say, Plaintiffs' pleadings fails to satisfy Federal Rule of Civil Procedure 9(b) and this court's order of August 10, 2007. Although the court has addressed this issue before in ruling on motions to dismiss in this case, the G3 Defendants and the Sass Defendants contend that they are somehow different from the defendants that have previously raised the issue. The court disagrees.

---

[1] Defendants motions to dismiss were initially directed to Plaintiffs' Second Amended Complaint [387]. Plaintiffs subsequently filed a Third Amended Complaint [525], which Defendants contend did not materially change the allegations related to Defendants. By order dated May 14, 2009, the court allowed Defendants' motions to dismiss to be applied to the Third Amended Complaint. (*See* Dkt. No. 524.)

The Federal Rules of Civil Procedure provide that a complaint generally need not contain more than "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, the complaint must give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 407 F.3d 614, 618 (7th Cir. 2007). "A formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citations omitted). In addition, a plaintiff alleging a claim of fraud or misrepresentation also must plead with specificity the who, what, where, and when of the alleged fraud or misrepresentation. Fed. R. Civ. P. 9(b); *see Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.,* 536 F.3d 663, 668 (7th Cir. 2008).

Plaintiffs have pleaded their allegations of fraud with sufficient specificity to put Defendants on notice of the fraud attributed to them. According to Plaintiffs' pleadings, Sabre Group, LLC arranged for related entities—the other named defendants—to bid at the Cook County tax sale on Sabre's behalf, resulting in Sabre's obtaining more liens than it was entitled to as a single bidding entity. As a prerequisite to bidding, each entity was required to file an affidavit with the Cook County Treasurer, swearing that it was not related to any other bidding entity. If Sabre's alleged bidding arrangement with other, related entities occurred, the affidavits filed by Sabre and the other entities must be false. If the affidavits are false, then Sabre and the other entities committed fraud. Because the tax-sale process employs the mail to submit affidavits and to mail sale notices, among other things, then Sabre and its related entities have committed mail fraud. And because Sabre and the related entities engaged in a pattern of mail fraud, Sabre's actions fall within the purview of RICO. At least this is the way the Supreme Court, the Seventh Circuit, and this court understood the allegations of Plaintiffs' original complaint. *See Bridge v. Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131 (2008); *Phoenix Bond & Indem. Co. v. Bridge*, 477 F.3d 928 (7th Cir. 2007); *Phoenix Bond & Indem. Co. v. Bridge*, No. 05 C 4095, 2005 WL 3527232 (Dec. 21, 2005) (unpublished order). Since the time of those decisions, and in response to this court's observation that Plaintiffs' pleadings may fall short of the requirements of Rule 9(b), Plaintiffs have further specified the alleged facts and provided more information about the who, what, where, and when of the alleged fraud in their Third Amended Complaint by attaching exhibits to their complaint listing the properties on which Plaintiffs bid and lost to a named defendant. Plaintiffs have also added defendants, but that does not change the court's analysis because the pleadings against the new defendants mirror those against the defendants that have been in this suit since its inception. Plaintiffs' Third Amended Complaint, along with its attachments, are sufficient to put Defendants on notice of the fraud alleged against them.

Defendants next contend that Plaintiffs' Third Amended Complaint should be dismissed because Plaintiffs have changed their theory of causation. Specifically, Plaintiffs alleged in their original complaint that the Cook County Treasurer employs a strict-rotational allocation system to award liens among bidders who simultaneously bid 0% at the tax lien auction. In their Third Amended Complaint, Plaintiffs allege:

> If more than one tax buyer bids at the same lowest rate, the auctioneer will allocate the liens in a fair manner to ensure that there is an equal apportionment of liens among the lowest bidding tax buyers.

(3d Am. Compl. ¶ 61.) According to Defendants, the description of the Cook County Treasurer's allocation process provided in the Plaintiffs' Third Amended Complaint renders Plaintiffs' claim insufficient.

The change in the language used by Plaintiffs to describe the Cook County Treasurer's allocation process is a distinction without a difference. Whether the Cook County Treasurer employs a strict rotational allocation system or some other process to ensure an equal apportionment of liens among the lowest bidder is immaterial at this stage of the litigation so long as Plaintiffs have alleged that the Cook County Treasurer

employs some ascertainable process to allocate tax liens among lowest bidders that will allow the fact finder to calculate damages. Thus, the relevant inquiry is whether Plaintiffs have alleged a process by which liens are awarded among bidders as opposed to a random or unascertainable system of allocation. Here, Plaintiffs alleged that the Cook County Treasurer employs a process to ensure equal distribution of tax liens among the lowest bidder. That is all Plaintiffs needed to do at this stage of the litigation: "Any facts concerning the system or methodology implemented by the Treasurer to allocate tax liens among bidders . . . need not be pleaded [with specificity] as those facts are best left for determination" at a later stage of this litigation. (The *Bridge* Litigation, Dkt. No. 398).

Defendants also argue that Plaintiffs' claim for tortious interference should be dismissed because Plaintiffs have failed to adequately plead damages. Defendants' argument is essentially identical to the argument raised by the BG Defendants and the Sass Muni Defendants in previous motions to dismiss Plaintiffs' tortious interference claim. (*See* Dkt. Nos. 280, 292.) As the court explained in ruling on those motions:

> Under Federal Rule of Civil Procedure 8, a plaintiff need not plead the elements of a claim or facts corresponding to each element of a claim. *Christensen v. County of Boone*, 483 F.3d 454, 466 (7th Cir. 2007). Instead, notice pleading under Federal Rule of Civil Procedure 8 requires only that the complaint give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 127 S. Ct. at 1969; *see Killingsworth,* 407 F.3d at 618. In this case, Plaintiffs have identified many properties in Exhibits K through M to their Corrected First Amended Complaint that Plaintiffs claim they would have acquired but for Defendants' illegal conduct. Plaintiffs contend that their chance of winning a larger percentage of the properties was not mere possibility but was guaranteed by the Treasurer's allocation process if only Defendants had not conspired to acquire a greater share of tax liens. Consequently, Plaintiffs' pleading concerning their tortious interference claim is sufficient to survive a motion to dismiss.

(Dkt. No. 353.) The court's analysis of the Plaintiffs' pleading concerning their tortious interference claim is no different today.

Finally, Defendants argue that Plaintiffs' Third Amended Complaint should be dismissed because Plaintiffs agreed to grant the Treasurer discretion in interpreting the Single Simultaneous Bidder Rule. Like each of the arguments above, the court has addressed arguments similar to the one raised by Defendant in previous motions to dismiss in this case. For example, the court explained when ruling on the Sass Muni Defendants' motion to dismiss:

> First, Defendants argue that Plaintiffs' Corrected First Amended Complaint should be dismissed because (1) only the Cook County Treasurer has jurisdiction to determine whether bidders are related bidding entities and thus in violation of the Single Simultaneous Bidder Rule, and (2) Plaintiffs failed to plead that they pursued the remedy available to them through the Cook County Treasurer. (Sass Muni Defs.' Mem. Supp. Mot. Dismiss 12-13.) This court explained when considering Defendants' initial challenge to the pleadings in this case that:
>
>> [A] violation of the [Single Simultaneous Bidder Rule] alleged as part of the scheme to defraud does not convert the action from a RICO claim to an action for recovery under the Rule.
>
> *BCS Services, Inc. v. Heartwood 88, Inc.*, No. 07 C 1367, 2007 WL 2323353, *8 (N.D. Ill. Aug. 10, 2007) (unpublished order). And the Seventh Circuit explained in the *Bridge*

Litigation that the Cook County Treasurer's failure to determine whether the *Bridge* defendants violated the Single Simultaneous Bidder Rule was not a bar to the *Bridge* plaintiffs' lawsuit:

> Doubtless the County could enforce its own rule, even though it loses nothing financially from the submission of multiple bids by related bidders. But of course the complaint alleges that defendants are lying to the County, which makes enforcement difficult—defendants' affidavits assure the County that the Rule is being complied with. Anyway, the proposition "G can penalize fraud" differs from the proposition "G is the immediate victim of fraud." If a government's ability to penalize fraud knocked out private litigation, then § 1964 would no longer apply when the predicate act is fraud, for governments always have some ability to detect and penalize frauds.

*Phoenix Bond & Indem. Co. v. Bridge*, 477 F.3d 928, 932 (7th Cir. 2007). Moreover, Plaintiffs are not required to plead facts to overcome an affirmative defense, *i.e.*, that Plaintiffs pursued and exhausted the administrative remedies, if any, available to them through the Cook County Treasurer's office. *See Davis v. Ind. State Police*, 541 F.3d 760, 763 (7th Cir. 2008).

(Dkt. No. 353.) The court's analysis of December 15, 2008, is equally applicable to the instant motions to dismiss.

Accordingly, the G3 Defendants' and the Sass Defendants' motions to dismiss [475, 479] are denied.

|  | Courtroom Deputy |  |
|---|---|---|