## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| BCS SERVICES, INC., and | ) | |
| PHOENIX BOND & INDEMNITY CO., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  07 C 1367 |
| | ) | |
| HEARTWOOD 88, LLC, BAMP, LLC, | ) | |
| ANTHONY DELAURENTIS, RICHARD | ) | Chief Judge James Holderman |
| TURER, RICHARONY, LLC, SASS MUNI-IV, | ) | |
| LLC, SASS MUNI-V, LLC, SALTA GROUP, | ) | Magistrate Judge Maria Valdez |
| INC., MARSHALL ATLAS, HBZ, INC., LORI | ) | |
| LEVINSON, JUDITH BERGER, WHEELER- | ) | |
| DEALER, LTD., B G INVESTMENTS, INC., | ) | |
| BONNIE J. GRAY, TIMOTHY E. GRAY, | ) | |
| BANKATLANTIC, MICHAEL DELUCA, | ) | |
| GARY BRANSE, SI SECURITIES, LLC, SI BOO, | ) | |
| LLC, CMS SERVICES, LLC, SI SECURITIES | ) | |
| MANAGEMENT, INC., CCPI, LLC, KENNETH | ) | |
| ROCHMAN, KEVIN SIERZEGA, VINAYA | ) | |
| JESSANI, MD SASS INVESTORS SERVICES, | ) | |
| INC., MD SASS TAX LIEN MANAGEMENT, | ) | |
| LLC, MD SASS MUNICIPAL FINANCE | ) | |
| PARTNERS-IV, LLC, MD SASS MUNICIPAL | ) | |
| FINANCE PARTNERS-V, LLC, KIRK ALLISON, | ) | |
| G3 HOLDINGS, LLC, GREGORY WILSON, | ) | |
| GREGORY STEC, DONALD WILSON, AZTEK | ) | |
| PARTNERS, LLC, CHONUS, INC., GREGORY | ) | |
| BINGHAM, TAX PLAY, INC., TAX CAPITAL, | ) | |
| LLC, PATRICK QUINN, VARAN REALTORS, | ) | |
| INC. d/b/a GOIN REALTY, JOSHUA ATLAS, | ) | |
| ARLENE ATLAS, ATLANTIC MUNICIPAL | ) | |
| CORP., MIDWEST REAL ESTATE | ) | |
| INVESTMENT CO., MIDWEST REAL ESTATE | ) | |
| INVESTMENT CO. EMPLOYEE PROFIT- | ) | |
| SHARING PLAN AND TRUST, AND DAVID | ) | |
| GRAY, | ) | |
| Defendants. | ) | |

### DEFENDANTS' MICHAEL DELUCA AND GARY BRANSE ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants, MICHAEL DELUCA and GARY BRANSE, by and through their attorneys, answering the Plaintiffs' Third Amended Complaint, state as follows:

### Nature of the Action

1.    These Defendants admit participation on behalf of Heartwood 88, LLC, in annual real estate tax sales in Cook County between 2002 and 2007, but deny that they conspired to violate the Cook County Single Bidder Rule, engaged in "fraudulent schemes" or "collusive bidding", participated as a buyer for the benefit of other defendants, or that they directed or controlled secret agreements. Defendants' deny that they acted unlawfully to obtain a greater number of liens, injuring the plaintiffs, or interfering with business advantage as alleged in the Third Amended Complaint. Defendants further deny that the plaintiffs are entitled to the damages claimed.

### Jurisdiction and Venue

2.    These Defendants admit that this Court has jurisdiction over federal law claims under 28 U.S.C. Sec. 1331 and 18 U.S.C. Sec 1965 (a), but deny that these claims are properly brought here. These Defendants deny the claim of tortious interference, but admit that this court has pendent jurisdiction over state law claims arising from the same transactions as the federal law claims.

3.    These Defendants admit the allegations contained in paragraph 3.

### Parties

4.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 4, and therefore neither admit nor deny them, but demand strict proof thereof.

5.    These Defendants state that they have insufficient knowledge to either admit or deny

2491-22470 214378.1

the allegations contained in paragraph 5, and therefore neither admit nor deny them, but demand strict proof thereof.

6.      These Defendants admit the allegations contained in paragraph 6.

7.      These Defendants admit the allegations contained in paragraph 7.

8.      These Defendants admit that Michael DeLuca is a Florida resident and that he was a Senior Vice President in the Tax Certificate Department at Bank Atlantic until January 14, 2008, and deny the remaining allegations of paragraph 8.

9.      These Defendants admit that Gary Branse is a Florida resident and that he was a Senior Vice President in the Tax Certificate Department at Bank Atlantic until January 14, 2008, and deny the remaining allegations of paragraph 9.

10.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 10, and therefore neither admit nor deny them, but demand strict proof thereof.

11.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 11, and therefore neither admit nor deny them, but demand strict proof thereof.

12.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 12, and therefore neither admit nor deny them, but demand strict proof thereof.

13.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 13, and therefore neither admit nor deny them, but demand strict proof thereof.

14.     These Defendants state that they have insufficient knowledge to either admit or deny

2491-22470 214378.1

the allegations contained in paragraph 14, and therefore neither admit nor deny them, but demand strict proof thereof.

15.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 15, and therefore neither admit nor deny them, but demand strict proof thereof.

16.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 16, and therefore neither admit nor deny them, but demand strict proof thereof.

17.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 17, and therefore neither admit nor deny them, but demand strict proof thereof.

18.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 18, and therefore neither admit nor deny them, but demand strict proof thereof.

19.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 19, and therefore neither admit nor deny them, but demand strict proof thereof.

20.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 20, and therefore neither admit nor deny them, but demand strict proof thereof.

21.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 21, and therefore neither admit nor deny them, but demand strict proof thereof.

2491-22470 214378.1

22.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 22, and therefore neither admit nor deny them, but demand strict proof thereof.

23.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 23, and therefore neither admit nor deny them, but demand strict proof thereof.

24.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 24, and therefore neither admit nor deny them, but demand strict proof thereof.

25.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 25, and therefore neither admit nor deny them, but demand strict proof thereof.

26.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 26, and therefore neither admit nor deny them, but demand strict proof thereof.

27.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 27, and therefore neither admit nor deny them, but demand strict proof thereof.

28.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 28, and therefore neither admit nor deny them, but demand strict proof thereof.

29.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 29, and therefore neither admit nor deny them, but demand

2491-22470 214378.1

strict proof thereof.

30.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 30, and therefore neither admit nor deny them, but demand strict proof thereof.

31.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 31, and therefore neither admit nor deny them, but demand strict proof thereof.

32.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 32, and therefore neither admit nor deny them, but demand strict proof thereof.

33.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 33, and therefore neither admit nor deny them, but demand strict proof thereof.

34.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 34, and therefore neither admit nor deny them, but demand strict proof thereof.

35.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 35, and therefore neither admit nor deny them, but demand strict proof thereof.

36.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 36, and therefore neither admit nor deny them, but demand strict proof thereof.

37.     These Defendants state that they have insufficient knowledge to either admit or deny

2491-22470 214378.1

the allegations contained in paragraph 37, and therefore neither admit nor deny them, but demand strict proof thereof.

38.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 38, and therefore neither admit nor deny them, but demand strict proof thereof.

39.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 39, and therefore neither admit nor deny them, but demand strict proof thereof.

40.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 40, and therefore neither admit nor deny them, but demand strict proof thereof.

41.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 41, and therefore neither admit nor deny them, but demand strict proof thereof.

42.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 42, and therefore neither admit nor deny them, but demand strict proof thereof.

43.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 43, and therefore neither admit nor deny them, but demand strict proof thereof.

44.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 44, and therefore neither admit nor deny them, but demand strict proof thereof.

2491-22470 214378.1

45.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 45, and therefore neither admit nor deny them, but demand strict proof thereof.

46.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 46, and therefore neither admit nor deny them, but demand strict proof thereof.

47.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 47, and therefore neither admit nor deny them, but demand strict proof thereof.

48.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 48, and therefore neither admit nor deny them, but demand strict proof thereof.

49.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 49, and therefore neither admit nor deny them, but demand strict proof thereof.

50.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 50, and therefore neither admit nor deny them, but demand strict proof thereof.

51.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 51, and therefore neither admit nor deny them, but demand strict proof thereof.

52.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 52, and therefore neither admit nor deny them, but demand

2491-22470 214378.1

strict proof thereof.

53.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 53, and therefore neither admit nor deny them, but demand strict proof thereof.

54.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 54, and therefore neither admit nor deny them, but demand strict proof thereof.

## Factual Background to All Counts

55.    These Defendants admit the allegations contained in paragraph 55.

56.    These Defendants admit the allegations contained in paragraph 56.

57.    These Defendants admit the allegations contained in paragraph 57.

58.    These Defendants admit the allegations contained in paragraph 58.

59.    These Defendants admit the allegations contained in paragraph 59.

60.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 60, and therefore neither admit nor deny them, but demand strict proof thereof.

61.    These Defendants admit that the bidding process is conducted as alleged in paragraph 61, but deny that the auctioneers allocate liens in a "fair manner to ensure that there is an equal apportionment of liens among the lowest bidding tax buyers." These defendants further deny that "since approximately 2000, the typical penalty rate has been 0%."

62.    These Defendants admit the allegations contained in paragraph 62.

63.    These Defendants admit the allegations contained in paragraph 63.

64.    These Defendants admit the allegations contained in paragraph 64.

9

65.    These Defendants admit the allegations contained in paragraph 65.

66.    These Defendants admit the allegations contained in paragraph 66.

67.    These Defendants admit the allegations contained in paragraph 67.

68.    These Defendants admit the allegations contained in paragraph 68.

69.    These Defendants admit the allegations contained in paragraph 69.

70.    These Defendants admit the allegations contained in paragraph 70.

71.    These Defendants admit the allegations contained in paragraph 71.

72.    These Defendants admit the allegations contained in paragraph 72.

73.    These Defendants admit the allegations contained in paragraph 73.

## The Cook County Single Bidder Rule

74.    These Defendants admit the allegations contained in paragraph 74.

75.    These Defendants admit the allegations contained in the first sentence of paragraph 75. These defendants further state that the Single Simultaneous Bidder Rule is defined by the Office of the Cook County Treasurer, and is not accurately related in paragraph 75 of the Plaintiffs' Third Amended Complaint at Law.

76.    These Defendants state that the definitions applicable to the Single Simultaneous Bidder Rule are stated by the Office of the Cook County Treasurer, and are not accurately related in paragraph 76 of the Plaintiffs' Third Amended Complaint at Law.

77.    These Defendants deny the allegations contained in paragraph 77.

78.    These Defendants admit that the quoted representations are contained within the registration papers required by the Office of the Cook County Treasurer, but deny that these are part of the Single Simultaneous Bidder Rule.

## Sabre Defendants' "Scheme" to Obtain Liens through Nominee Bidders

10

79.     These Defendants deny the allegations contained in paragraph 79.

80.     These Defendants deny the allegations contained in paragraph 80.

81.     These Defendants deny the allegations contained in paragraph 81.

82.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 82, and therefore neither admit nor deny them, but demand strict proof thereof.

83.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 83, and therefore neither admit nor deny them, but demand strict proof thereof.

84.     These Defendants deny the allegations contained in paragraph 84.

85.     These Defendants deny the allegations contained in paragraph 85.

**Bank Atlantic's "Scheme" to Obtain Tax Liens For the Sabre Defendants**

86.     These Defendants deny the allegations contained in paragraph 86.

87.     These Defendants admit that Heartwood 88 is an LLC, which is a wholly-owned subsidiary of Bank Atlantic, but deny the remaining allegations contained in paragraph 87.

88.     These Defendants admit the allegations contained in paragraph 88.

89.     These Defendants deny the allegations contained in paragraph 89.

90.     These Defendants deny the allegations contained in paragraph 90.

91.     These Defendants deny the allegations contained in paragraph 91.

92.     These Defendants deny the allegations contained in paragraph 92.

93.     These Defendants deny the allegations contained in paragraph 93.

94.     These Defendants deny the allegations contained in paragraph 94.

95.     These Defendants deny the allegations contained in paragraph 95.

2491-22470 214378.1

96.     These Defendants deny the allegations contained in paragraph 96.

97.     These Defendants deny the allegations contained in paragraph 97.

98.     These Defendants deny the allegations contained in paragraph 98.

99.     These Defendants deny the allegations contained in paragraph 99.

100.    These Defendants deny the allegations contained in paragraph 100.

101.    These Defendants deny the allegations contained in paragraph 101.

102.    These Defendants deny the allegations contained in paragraph 102.

103.    These Defendants deny the allegations contained in paragraph 103.

104.    These Defendants admit that liens which were purchased by Heartwood, as well as liens purchased from Bamp and Richarony, were later sold to Sabre, and deny the remaining allegations of paragraph 104.

105.    These Defendants deny the allegations contained in paragraph 105.

106.    These Defendants deny the allegations contained in paragraph 106.

107.    These Defendants deny the allegations contained in paragraph 107.

108.    These Defendants deny the allegations contained in paragraph 108.

**M. D. Sass Participated in the Tax Sales as Sabre's Nominees**

109.    These Defendants deny the allegations of the second sentence of paragraph 109, which relate to Bank Atlantic and Heartwood, and state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 109, and therefore neither admit nor deny them, but demand strict proof thereof.

110.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 110, and therefore neither admit nor deny them, but demand strict proof thereof.

2491-22470 214378.1

111.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 111, and therefore neither admit nor deny them, but demand strict proof thereof.

112.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 112, and therefore neither admit nor deny them, but demand strict proof thereof.

113.    These Defendants deny that the plaintiff's "lost" liens or that Heartwood, LLC was a "Sabre nominee" as alleged in the final sentence of paragraph 113, and further state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 113, and therefore neither admit nor deny them, but demand strict proof thereof.

### G3 Participated in the Tax Sales as Sabre's Nominees

114.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 114, and therefore neither admit nor deny them, but demand strict proof thereof.

115.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 115, and therefore neither admit nor deny them, but demand strict proof thereof.

116.    These Defendants deny the allegations contained in paragraph 116.

### Quinn Participated in the Tax Sales as Sabre's Nominees

117.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 117, and therefore neither admit nor deny them, but demand strict proof thereof.

118.    These Defendants deny that the plaintiff's "lost" liens or that Heartwood, LLC was

13

a "Sabre nominee" as alleged in the final sentence of paragraph 118, and further state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 118, and therefore neither admit nor deny them, but demand strict proof thereof.

119.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 119, and therefore neither admit nor deny them, but demand strict proof thereof.

### Bingham's Entities Participated in the Tax Sales as Sabre's Nominees

120.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 120, and therefore neither admit nor deny them, but demand strict proof thereof.

121.    These Defendants deny that the plaintiff's "lost" liens or that Heartwood, LLC was a "Sabre nominee" as alleged in the final sentence of paragraph 121, and further state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 121, and therefore neither admit nor deny them, but demand strict proof thereof.

### Goin Realty Participated in the Tax Sales as Sabre's Nominees

122.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 122, and therefore neither admit nor deny them, but demand strict proof thereof.

123.    These Defendants deny that the plaintiff's "lost" liens or that Heartwood, LLC was a "Sabre nominee" as alleged in the final sentence of paragraph 123, and further state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 123, and therefore neither admit nor deny them, but demand strict proof thereof.

### Salta's Scheme To Obtain Additional Liens Beyond Its Appropriate Portion

14

124.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 124, and therefore neither admit nor deny them, but demand strict proof thereof.

125.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 125, and therefore neither admit nor deny them, but demand strict proof thereof.

126.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 126, and therefore neither admit nor deny them, but demand strict proof thereof.

127.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 127, and therefore neither admit nor deny them, but demand strict proof thereof.

128.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 128, and therefore neither admit nor deny them, but demand strict proof thereof.

129.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 129, and therefore neither admit nor deny them, but demand strict proof thereof.

**MREI's Scheme To Obtain Additional Liens Beyond Its Appropriate Portion**

130.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 130, and therefore neither admit nor deny them, but demand strict proof thereof.

131.    These Defendants state that they have insufficient knowledge to either admit or deny

2491-22470 214378.1

the allegations contained in paragraph 131, and therefore neither admit nor deny them, but demand strict proof thereof.

132.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 132, and therefore neither admit nor deny them, but demand strict proof thereof.

133.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 133, and therefore neither admit nor deny them, but demand strict proof thereof.

134.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 134, and therefore neither admit nor deny them, but demand strict proof thereof.

135.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 135, and therefore neither admit nor deny them, but demand strict proof thereof.

136.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 136, and therefore neither admit nor deny them, but demand strict proof thereof.

137.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 137, and therefore neither admit nor deny them, but demand strict proof thereof.

138.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 138, and therefore neither admit nor deny them, but demand strict proof thereof.

2491-22470 214378.1

139.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 139, and therefore neither admit nor deny them, but demand strict proof thereof.

140.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 140, and therefore neither admit nor deny them, but demand strict proof thereof.

## Plaintiffs' Investigation and Defendants' Concealment of the Fraud

141.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 141, and therefore neither admit nor deny them, but demand strict proof thereof.

142.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 142, and therefore neither admit nor deny them, but demand strict proof thereof.

143.     These Defendants deny the allegations contained in the second sentence of paragraph 143 and state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 143, and therefore neither admit nor deny them, but demand strict proof thereof.

144.     These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 144, and therefore neither admit nor deny them, but demand strict proof thereof.

145.     These Defendants deny participation in any of the three RICO enterprises as alleged, and state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 145, and therefore neither admit nor deny them, but demand strict proof

17

thereof.

146.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 146, and therefore neither admit nor deny them, but demand strict proof thereof.

147.    These Defendants deny participation in "Sabre's conspiracy" as alleged in subparagraph (b) of paragraph 147, and deny the allegations of subparagraph (c). These defendants further state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 147, including the remaining allegations of sub-paragraphs (a) through (e), and therefore neither admit nor deny them, but demand strict proof thereof.

## RICO Predicate Acts

148.    These Defendants admit that Heartwood arranged for the mailing of notices related to liens which it had purchased at tax sales, and deny the remaining allegations contained in paragraph 148.

149.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 149, and therefore neither admit nor deny them, but demand strict proof thereof.

150.    These Defendants deny the allegations contained in paragraph 150.

151.    These Defendants deny the allegations contained in paragraph 151.

152.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 152, and therefore neither admit nor deny them, but demand strict proof thereof.

153.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 153, and therefore neither admit nor deny them, but demand

2491-22470 214378.1

strict proof thereof.

154.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 154, and therefore neither admit nor deny them, but demand strict proof thereof.

155.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 155, and therefore neither admit nor deny them, but demand strict proof thereof.

156.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 156, and therefore neither admit nor deny them, but demand strict proof thereof.

157.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 157, and therefore neither admit nor deny them, but demand strict proof thereof.

158.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 158, and therefore neither admit nor deny them, but demand strict proof thereof.

159.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 159, and therefore neither admit nor deny them, but demand strict proof thereof.

160.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 160, and therefore neither admit nor deny them, but demand strict proof thereof.

## COUNT I

2491-22470 214378.1

**Substantive Racketeering - 18 U.S.C. Sec. 1962(c) and 1964**

161.     These defendants incorporate by reference their answers contained in paragraphs 1 through 160 of this Answer (above), as though fully set forth herein.

162.     These defendants admit that they were and are "persons" within the meaning of 18 U.S.C. Sec. 1961(3). These Defendants state that they have insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 162, and therefore neither admit nor deny them, but demand strict proof thereof.

163.     These Defendants deny the allegations contained in paragraph 163.

164.     These Defendants deny the allegations contained in paragraph 164.

165.     These Defendants deny the allegations contained in paragraph 165.

166.     These Defendants deny the allegations contained in paragraph 166.

167.     These Defendants deny the allegations contained in paragraph 167.

WHEREFORE, the Defendants, Michael DeLuca and Gary Branse, pray that this Honorable Court deny the relief sought by Plaintiffs in the Third Amended Complaint, and that Judgment be entered in their favor and the Third Amended Complaint be dismissed with prejudice.

**COUNT II**

**Racketeering Conspiracy - 18 U.S.C. Sec. 1962(d) and 1964**

168.     These Defendants incorporate by reference their answers contained in paragraphs 1 through 160 and 162 through 166 of this Answer (above), as though fully set forth herein.

169.     These Defendants deny the allegations contained in paragraph 169.

170.     These Defendants deny the allegations contained in paragraph 170.

171.     These Defendants deny the allegations contained in paragraph 171.

WHEREFORE, the Defendants, Michael DeLuca and Gary Branse, pray that this Honorable

20

Court deny the relief sought by Plaintiffs in the Third Amended Complaint, and that Judgment be entered in their favor and the Third Amended Complaint be dismissed with prejudice.

## COUNT III

### Substantive Racketeering - 18 U.S.C. Sec. 1962(c) and 1964

172.     These Defendants incorporate by reference their answers contained in paragraphs 1 through 160 of this Answer (above), as though fully set forth herein.

173.     The allegations in Count III are not directed to these Defendants and therefore no answers are made thereto.

174.     The allegations in Count III are not directed to these Defendants and therefore no answers are made thereto.

175.     The allegations in Count III are not directed to these Defendants and therefore no answers are made thereto.

176.     The allegations in Count III are not directed to these Defendants and therefore no answers are made thereto.

177.     The allegations in Count III are not directed to these Defendants and therefore no answers are made thereto.

178.     The allegations in Count III are not directed to these Defendants and therefore no answers are made thereto.

WHEREFORE, the Defendants, Michael DeLuca and Gary Branse, pray that this Honorable Court deny the relief sought by Plaintiffs in the Third Amended Complaint, and that Judgment be entered in their favor and the Third Amended Complaint be dismissed with prejudice.

## COUNT IV

### Racketeering Conspiracy - 18 U.S.C. Sec. 1962(d) and 1964

2491-22470 214378.1

179.    These Defendants incorporate by reference their answers contained in paragraphs 1 through 160 of this Answer (above), as though fully set forth herein.

180.    The allegations in Count IV are not directed to these Defendants and therefore no answers are made thereto.

181.    The allegations in Count IV are not directed to these Defendants and therefore no answers are made thereto.

182.    The allegations in Count IV are not directed to these Defendants and therefore no answers are made thereto.

183.    The allegations in Count IV are not directed to these Defendants and therefore no answers are made thereto.

184.    The allegations in Count IV are not directed to these Defendants and therefore no answers are made thereto.

WHEREFORE, the Defendants, Michael DeLuca and Gary Branse, pray that this Honorable Court deny the relief sought by Plaintiffs in the Third Amended Complaint, and that Judgment be entered in their favor and the Third Amended Complaint be dismissed with prejudice.

## COUNT V

## Substantive Racketeering - 18 U.S.C. Sec. 1962(c) and 1964

185.    These defendants incorporate by reference their answers contained in paragraphs 1 through 160 of this Answer (above), as though fully set forth herein.

186.    The allegations in Count V are not directed to these Defendants and therefore no answers are made thereto.

187.    The allegations in Count V are not directed to these Defendants and therefore no answers are made thereto.

2491-22470 214378.1

188.    The allegations in Count V are not directed to these Defendants and therefore no answers are made thereto.

189.    The allegations in Count V are not directed to these Defendants and therefore no answers are made thereto.

190.    The allegations in Count V are not directed to these Defendants and therefore no answers are made thereto.

191.    The allegations in Count V are not directed to these Defendants and therefore no answers are made thereto.

WHEREFORE, the Defendants, Michael DeLuca and Gary Branse, pray that this Honorable Court deny the relief sought by Plaintiffs in the Third Amended Complaint, and that Judgment be entered in their favor and the Third Amended Complaint be dismissed with prejudice.

## COUNT VI

### Racketeering Conspiracy - 18 U.S.C. Sec. 1962(d) and 1964

192.    These Defendants incorporate by reference their answers contained in paragraphs 1 through 160 of this Answer (above), as though fully set forth herein.

193.    The allegations in Count VI are not directed to these Defendants and therefore no answers are made thereto.

194.    The allegations in Count VI are not directed to these Defendants and therefore no answers are made thereto.

195.    The allegations in Count VI are not directed to these Defendants and therefore no answers are made thereto.

196.    The allegations in Count VI are not directed to these Defendants and therefore no answers are made thereto.

23

197.    The allegations in Count VI are not directed to these Defendants and therefore no answers are made thereto.

WHEREFORE, the Defendants, Michael DeLuca and Gary Branse, pray that this Honorable Court deny the relief sought by Plaintiffs in the Third Amended Complaint, and that Judgment be entered in their favor and the Third Amended Complaint be dismissed with prejudice.

## COUNT VII

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

198.    These Defendants incorporate by reference their answers contained in paragraphs 1 through 160 of this Answer (above), as though fully set forth herein.

199.    These Defendants deny the allegations contained in paragraph 199.

200.    These Defendants deny the allegations contained in paragraph 200.

201.    These Defendants deny the allegations contained in paragraph 201.

202.    These Defendants deny the allegations contained in paragraph 202.

203.    These Defendants deny the allegations contained in paragraph 203.

204.    These Defendants deny the allegations contained in paragraph 204.

205.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 205, and therefore neither admit nor deny them, but demand strict proof thereof.

206.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 206, and therefore neither admit nor deny them, but demand strict proof thereof.

207.    These Defendants state that they have insufficient knowledge to either admit or deny the allegations contained in paragraph 207, and therefore neither admit nor deny them, but demand

2491-22470 214378.1

strict proof thereof.

208.    These Defendants deny the allegations contained in paragraph 208.

209.    These Defendants deny the allegations contained in paragraph 209.

210.    These Defendants deny the allegations contained in paragraph 210.

211.    These Defendants deny the allegations contained in paragraph 211.

WHEREFORE, the Defendants, Michael DeLuca and Gary Branse, pray that this Honorable

Court deny the relief sought by Plaintiffs in the Third Amended Complaint, and that Judgment be

entered in their favor and the Third Amended Complaint be dismissed with prejudice.


Respectfully submitted,

RUFF, WEIDENAAR & REIDY, LTD.

By:    /s/ Scott Nelson (IL Bar No.6180673)


Scott Nelson (snelson@rwrlaw.com)
James R. Quinn (jrquinn@rwrlaw.com)
Tammy L. Wade (tlwade@rwrlaw.com)
RUFF, WEIDENAAR & REIDY, LTD.
222 North LaSalle Street
Suite 700
Chicago, Illinois 60601
(312)263-3890

Attorneys for Defendants Michael DeLuca and Gary Branse

2491-22470 214378.1