IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **PHOENIX BOND INDEMNITY CO., et al** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 05 CV 4095 |
| vs. ) | |
| ) | |
| JOHN BRIDGE, BARRETT ROCHMAN, et al ) | Chief Judge James F. Holderman |
| ) | |
| ) | Magistrate Maria Valdez |
| Defendants ) | |
| **BCS SERVICES, INC. and PHOENIX BOND** ) | |
| **& INDEMNITY CO.,** ) | No. 07 C 1367 |
| ) | |
| Plaintiffs, ) | (Consolidated with 05 CV 4095 |
| v. ) | For discovery purposes) |
| ) | |
| **HEARTWOOD 88, LLC, BAMP, LLC,** ) | |
| **ANTHONY DELAURENTIS, RICHARD** ) | |
| **TURER, RICHARONY, LLC,** *et al.,* ) | |
| ) | |
| Defendants ) | |

### MOTION QUASH RULE 30(b)(6) DEPOSITIONS

COME CCJ INVESTMENTS, LLC ("CCJ"), BRB INVESTMENTS, LLC ("BRB"), SI BOO, LLC ("SI Boo"), CCPI, LLC ("CCPI"), CMS SERVICES, LLC ("CMS"), AZTEK PARTNERS LLC ("Aztek"), and CHONUS LLC ("Chonus," and collectively, "Defendants"), by their attorneys, Harold L. Moskowitz and Donald B. Levine, and pray that the Court quash those Fed. R. Civ. P. 30(b)(6) depositions served on Defendants on or about October 20, 2009. In support hereof, the Defendants state as follows:

### BACKGROUND FACTS

1.  As this Court is well aware, this case involves the invented tale of some imaginary conspiracy to defraud the Cook County Treasurer by the Defendants and others

so that these parties could obtain a greater number of tax certificates sold by Cook County at annual tax auctions.

2.  This case as well as the companion case, *BCS Services, Inc., et al v. Heartwood 88, LLC, et al*, Case No 07 CV 1367 have been consolidated for discovery purposes.

3.  On July 8, 2008, a Report pursuant to Fed. R. Civ. P. 26(f) was filed which was signed by all parties including the plaintiffs (Docket No. 326). According to the discovery plan filed and approved by this Court (Paragraph 3), there would be a maximum of 46 fact witness depositions by the plaintiffs, collectively, and 46 fact witnesses by the defendants collectively.

4.  As of October 28, 2009, plaintiffs have noticed and/or taken approximately 48 depositions (see list of depositions attached hereto as Exhibit 1 of which plaintiff-noticed depositions are in bold). As set forth in Exhibit 1, the depositions of the principals of CCJ and BRB (i.e., Corinne Rochman, Jesse Rochman, and Christopher Rochman) were taken on December 3, 2008, December 4, 2008, and January 22, 2009, respectively; the depositions of those people associated with the work of CMS, SI Boo, and CCPI (i.e., John Bridge, Kenneth Rochman, Kevin Sierzega, and Kelly Penman were taken on February 9, 2009; February 23, 2009; February 6, 2009 and September 10, 2009; and February 18, 2009, respectively); and the deposition of Gregory Bingham, the principal of Aztek and Chonus, took place on September 15, 2009.

5.  Because the principals of Phoenix and BCS were all unable to testify as to any facts supporting the allegations of the complaint – stating that they were relying on their counsel – defendants Heartwood 88 and Bank Atlantic served upon plaintiffs Fed. R. Civ.

P. 30(b)(6) deposition notices on behalf of all defendants so that someone would testify under oath as to the alleged facts that plaintiffs were relying upon to support the allegations of the complaints. When plaintiffs objected, a Rule 37 conference was held between plaintiffs and defendants' counsel whereby the topics for said depositions were discussed with only the date of the deposition not set.

6. To date, plaintiffs have also served upon these Defendants the following number of discovery requests:

    a. Sabre, Bridge and Barrett Rochman: six sets of interrogatories and four sets of document requests;

    b. CCJ and BRB: six sets of interrogatories and four sets of document requests;

    c. CMS: two sets of interrogatories and two sets of document requests;

    d. SI Securities Management: two sets of interrogatories and two sets of document requests;

    e. SI Securities and Kenneth Rochman: two sets of interrogatories and two sets of document requests;

    f. SI Boo and CCPI: two sets of interrogatories and two sets of document requests; and

    g. Bingham, Aztek and Chonus: two sets of interrogatories and two sets of document requests;

7. In retribution for the Defendants' Fed. R. Civ. P. 30(b)(6) deposition notices, on October 20, 2009, plaintiffs served on all defendants in these cases with *26*(!!) Fed. R. Civ. P. 30(b)(6) deposition notices scheduled for the last two days of discovery with each

deposition scheduled at half-hour increments. Copies of the notices to CCJ and BRB are attached as Exhibit 2; the notice to CMS is attached as Exhibit 3; the notices to SI Boo, and CCPI as Exhibit 4; the notices to Aztek and Chonus (and 16 others) attached as Exhibit 5; and notices to Salta, HBZ and others as Exhibit 6.

8. On October 22, 2009, Defendants stated their objections in writing to plaintiffs, a copy of said letter being attached hereto as Exhibit 7. That letter pointed out the deposition limit, the fact that all of the Defendants had been deposed for more than 40 hours on the very topics to be addressed by the Fed. R. Civ. P. 30(b)(6) depositions and had produced all of the documents they had which addressed these issues; that certain of the topics had been the subject of a previous Rule 37 conference and which the plaintiffs had withdrawn their demands; that the Defendants had responded to numerous interrogatory requests on the same subject matter; that there was a distinction between plaintiffs' Fed. R. Civ. P. 30(b)(6) depositions and that of Defendants because of the plaintiffs' principals' claim of lack of personal knowledge; and that Defendants believed that these requests were merely to harass these Defendants. Moreover, Defendants pointed out that the information now requested at the 12th hour was not only previously produced, but that the plaintiffs used the information and documents to ask questions from most, if not all, of the other "Sabre Defendants." Plaintiffs never replied.

9. Thereafter, plaintiffs received a number of letters from other defendants either objecting to the date and timing of the notices or to the notices themselves.

10. Instead of replying , plaintiffs arranged for a conference call with all defense counsel in which it stated that it was planning to file a motion to compel that evening to compel any defendants who refused to appear at any scheduled Fed. R. Civ. P. 30(b)(6)

deposition and wanted to know whether each defendant would appear. Only after filing of the motion would they attempt to resolve the motion with defendants before the actual hearing.

11. In that call, these Defendants objected to plaintiffs' continued *modus operandi* of failing to hold discovery conferences first, but filing motions and then attempting to work out resolutions. In addition, Defendants pointed out that again about the deposition limit and asked what possible additional information they could want that was not already dealt with. In response, plaintiffs claimed there was no limit and refused to delineate the information they had not received.

12. Defendants have received no further communication from plaintiffs explaining the need or the right to take these depositions of the Defendants.

## ARGUMENT

Pursuant to the federal rules and numerous cases promulgated thereunder, this Court has the right to quash any subpoenas if the Court determines, among other things, that these depositions are not to ascertain information but merely to harass. While discovery under the federal rules are broad, they are not limitless. *Rubin v The Islamic Republic of Iran*, 349 F. Supp. 1108, 1111 (N.D. Ill. 2004) ("scope of discovery is generally very broad but [d]iscovery has limits and these limits grow as the showing of need decreases."). Almost 16 months ago, these plaintiffs filed a joint discovery plan – approved by this Court – limiting the number of fact witness depositions. That order and plan has never been amended. Nor have the plaintiffs sought to amend that order or provided a reasonable rationale to do so. Although already over the limit, the addition of these 26 depositions would increase the number of fact witnesses depositions to 74 (all defendants,

on the other hand, has issued and/or taken less than 15). As these vastly exceed the limit set, they must be quashed.

In addition, the principals of these Defendants, who are the same individuals who would testify at any Fed. R. Civ. P. 30(b)(6) deposition, had already testified more than eight months ago. Nor were their depositions limited in any way as the Defendants – unlike these plaintiffs – allowed each to be deposed for substantially more than seven hours and each (except for maybe Kelly Penman) was. Thus, adding all of the many hours of these depositions, plaintiffs have taken substantially more than 40 hours to depose these individuals on the same topics again and again. Obviously, this attempt to come back 8 months later at the 12th hour is merely to harass these Defendants for their audacity of serving Fed. R. Civ. P. 30(b)(6) deposition on these plaintiffs.

It must be pointed out that many of the defendants in this case (Sabre, Heartwood, Bank Atlantic, Bamp, Richarony, and Optimum) had already been served with Fed. R. Civ. P. 30(b)(6) deposition notices previously and their depositions taken and the plaintiffs are attempting to have another shot at many of those same defendants again. Moreover, even as to these Defendants nothing better shows the nature of the harassment and the absurdity of this exercise than the first seven topics to CCJ and BRB. Those topics address liens with certain grades which CCJ did *not* bid on. However, attached hereto as Exhibit 8 are the answers of CCJ and BRB to the plaintiffs' third set of interrogatories and attached hereto as Exhibit 9 are the answers of CCJ and BRB to the plaintiffs' fifth set of interrogatories. In Exhibit 8 is the following interrogatory and answer:

> "1.    Identify all liens on which you bid a 0% penalty rate at the 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008 Cook County tax auctions.

ANSWER:

Defendants object to any and all questions for any period commencing prior to 2002 and after 2007 as said periods are not relevant to the instant lawsuit. Subject to that objection and without waiving it, neither Corrine, Jesse nor Christopher bid 0% interest on any liens. In addition, while CCJ was a bidder at the 2003-2004 sales and BRB was a bidder at the 2005-2007 sales, and other than those properties that they were the first lowest bidder at 0% and were awarded liens at those sales, they do not have sufficient information as to which liens they bid 0%. In addition, Defendants further reassert and restate their testimony in their depositions as to the matters requested herein."

In Exhibit 9 is the following interrogatory and answer:

"2.    Identify any and all measures you took not to bid on certificates that were also bid upon by Sabre Group, LLC, Cronus Projects, LLC, Regal One, LLC, DRN II, LLC, Georgetown Investors, Optimum Financial, Inc., LLC Venture, LLC, , GJ Venture, LLC, Jeshay, LLC, Mud Cats Real Estate, LLC, Carpus Investments, LLC, Heartwood 88, LLC, Bamp, LLC, Richarony LLC, Sass Muni-IV, LLC, Sass Muni-V, LLC, Tax Capital, LLC, Tax Play, Inc., G3 Holdings, LLC, Aztek Partners, LLC and Chonus, Inc.

ANSWER:

Defendants object to said Request as Defendants have no knowledge then or now on what properties and/or liens the entities listed either planned to bid or actually bid upon. Subject to that objection and without waiving it, none."

What part of these answers are either unclear or not understandable? If CCJ and BRB did not know what they bid on (obviously, other than those that they were actually awarded), how will they be able to answer what the grades were of the properties that they did not know that they bid on had? This is too nonsensical for words and the fact that they already have the answer to these questions and merely want to drag these principals to Chicago from Downstate Illinois can only be to harass these Defendants. (And the same apply to the other defendants as well who each have told plaintiffs that they have no idea what they actually bid on other than as to those properties whose tax liens they were awarded).

This has been the history of this case. When answers to their unending series of discovery requests do not meet the expectations of these plaintiffs or fail to buttress any one of the plaintiffs' clearly invented fact and legal scenarios or when they are properly refused, then plaintiffs claim something must be missing or Defendants have the information and are just not giving it. Unlike these plaintiffs who took a list of all properties awarded at a 0% interest rate and claimed to have bid on each one – only having to had to amend them when videos showed no such bidding by these plaintiffs on dozens of said properties at one sale alone – all Defendants in these cases have told plaintiffs that they do not know what properties they in fact bid on other than those which they were awarded.

Furthermore, these Defendants have given every last paper on the subject and have even given information that goes beyond the scope of the allegations in the complaints. They have given more than 15,000 pages showing the financial history of each and every certificate awarded to them and have given plaintiffs an electronic database when plaintiffs were unwilling to spend the time or the money necessary to compile the information given. These Defendants have even sat down with plaintiffs' experts to explain what is in the databases on more than one occasion! Enough is enough. There is no just reason for these last minute deposition requests other than to harass these Defendants.

For all the reasons stated here and in the letter dated October 22, 2009, this Court should quash these deposition notices.

WHEREFORE, the Defendants pray that this Court quash those Fed. R. Civ. P. 30(b)(6) depositions served on Defendants on or about October 20, 2009; grant them the costs of bringing this motion, including reasonable attorneys' fees; and grant them such other and further relief as this Court deems proper.

        Respectfully submitted,

        CCJ INVESTMENTS, LLC
        BRB INVESTMENTS, LLC
        SI BOO, LLC
        CCPI, LLC
        CMS SERVICES, LLC
        AZTEK PARTNERS LLC
        CHONUS LLC

By:    /s/ Harold Moskowitz_____
        One of their Attorneys

HAROLD L. MOSKOWITZ
55 West Monroe Street
Suite 1100
Chicago, Illinois 60603
(312) 977-0223
ARDC: 3128347

DONALD LEVINE
LATIMER LEVAY & JURASIK, LLC
55 West Monroe Street
Suite 1100
Chicago, Illinois 60603
(312) 422-8000
ARDC: 1637355