IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BCS SERVICES, INC., et al. | ) | |
| | ) | No. 07 C 1367 |
| Plaintiffs, | ) | Consolidated with No. 05 C 4095 |
| | ) | |
| v. | ) | Chief Judge James Holderman |
| | ) | |
| HEARTWOOD 88, INC., et al., | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

## THE G3 DEFENDANTS' MEDIATION POSITION PAPER

Gregory Wilson and Donald Grant Wilson (the "Wilsons") and G3 Holdings LLC ("G3") (the Wilsons and G3 collectively the "G3 Defendants"), present this Mediation Position Paper.

1. G3 is a Texas limited liability company formed in 2004 by the Wilsons and Greg Stec ("Stec"). It was formed to become the origin for a hedge fund specializing in the acquisition of financial instruments. G3 was not created for the purpose of acquiring tax liens. Stec had learned of the Cook County Treasurer tax lien sales through his prior involvement in the purchase of a single tax lien, and as a result, the G3 Defendants were initially introduced by Stec to the Cook County methodology of selling tax liens.

2. The Wilsons are residents of Paris, Texas and McKinney, Texas, respectively.

3. When a determination was made by the G3 Defendants and Stec to go forward with bidding at a Cook County Treasurer tax liens sale, all funding with regard to G3's participation in the tax liens sale was acquired from a local bank in Paris, Texas. All bids that were made on behalf of G3 at the 2004 Cook County tax sale were made by Stec, without any assistance from any other Defendant.

4.      From inception, the attraction of purchasing the tax liens revolved upon their liquidity. Prior to G3's participation in the 2004 tax sale, the G3 Defendants and Stec attempted to prepare financial modeling which would give them a reasonable understanding of the cash flow requirements of holding the tax liens over a period of time. The size and scale of the financial modeling project eventually prevented this from occurring, which caused the G3 Defendants to rely further on the liquidity of the tax liens. However, it was the plan of the G3 Defendants and Stec that they would hold their own portfolio of tax liens and retain a third party to manage the portfolio. In that regard, G3 approached an individual named Jimmy Bowers and requested that he undertake the management of the G3 portfolio. However, Mr. Bowers indicated he was not available and referred G3 to the CMS Defendants. G3 had preliminary discussions with CMS regarding the management of G3's portfolio, and in connection therewith, G3 was provided with a draft of a CMS Service Agreement which identified Stec as a signing party and which, to the G3 Defendants' knowledge, was never signed. Moreover, the G3 Defendants would never have considered signing the CMS Service Agreement, because it provided the "sole right and obligation" over the managed portfolio to CMS.

5.      The G3 Defendants participated only in the 2004 tax sale; never before nor since.

6.      In Plaintiffs' Mediation Position Paper, they have made general allegations of evidence which they assert leads to the conclusion that conspiracies existed to include the alleged "Salta Enterprise" and the "Gray's Enterprise." The evidence is generally that said "Enterprises":

      A.      Were based upon familial relationships;

      B.      Shared offices;

      C.      Shared expenses;

      D.      Shared personnel;

  E. Had joint bank accounts;

  F. Made loans to and from each other for the acquisition of tax liens;

  G. Shared research; and/or

  H. Shared computer access.

7. There is no evidence that the G3 Defendants or Stec fell into any of the aforementioned general allegations of conspiracy.

8. With regard to the alleged "Sabre Enterprise," which Plaintiffs allege the G3 Defendants to be a part, Plaintiffs generally allege:

  A. That the CMS Defendants prepared bidding lists;

  B. That all of the co-conspirers were involved in the quick resale of tax liens to Sabre;

  C. That the Sabre enterprise conspirators had prior relationships with John Bridge or Barrett Rochman;

  D. That the entities involved [such as G3] were created solely for the tax lien sales;

  E. That representations were made by the Sabre Enterprise conspirators to lenders that the liens would be quickly resold; and

  F. That the Sabre Enterprise conspirators provided collateral for loans to obtain tax certificates.

9. The only one of the foregoing alleged conspiratorial acts which could conceivably apply to the G3 Defendants and Stec involves the fact that CMS did supply bidding lists to Stec prior to his participation in the 2004 tax sale. However, there is no evidence at this point that these bidding lists were anything other than a listing of the tax liens which were going to be

offered for sale on any given date, and the use of the term "bid book" or "bid list" erroneously implies that the list was something of value, rather than a mere "loss leader" routinely provided to a number of people, at no charge. In reality, the apparent universal bidding strategy employed at the tax lien sales was to bid 0% on everything, to obtain as many liens as possible. The consequent diversification alleviated any real risk which might be addressed through the use of a meaningful reference source.

10. The sum total of all evidence which Plaintiffs have presented to this Court in their Position Paper with regard to the alleged conspiratorial actions of the G3 Defendants and Stec are two unsigned, draft contracts which were provided to Stec for review with regard to services which could be provided by CMS to respective bidders at the tax sales and the possible resale of the certificates.

11. The evidence further shows that although G3 sold its tax liens to the Sabre Group and retained a 25% interest in any profit which might be realized by the Sabre Group pursuant to the tax liens, the sale transaction was *not* prearranged in any respect prior to the Cook County Treasurer's tax liens sale. Consequently, the G3 Defendants were not influenced by any factor other than the fact that the Sabre Group's purchase offer appeared, at the time, to be a viable means to free up the capital necessary to participate in future tax lien sales in other states, while retaining a 25% backend profits interest in the tax lien portfolio.[1] However, G3 ultimately made no profit from their participation in the 2004 tax sale, and in fact, the G3 Defendants lost money as a result of this transaction.

---

[1] G3's decision to sell its portfolio of tax liens in June 2004 was based entirely upon the prospect of having to attend an imminent board meeting by its lender in order to request an additional significant loan to fund the purchase of tax liens in other states.

THE G3 DEFENDANTS' MEDIATION POSITION PAPER -- Page 4

12. Finally, Plaintiffs have no evidence of:

- Any purported agreement between the G3 Defendants and Sabre;

- Whether any such agreement was oral or in writing;

- Who allegedly entered into this agreement;

- Which terms of the alleged agreement violate the applicable rules;

- The identity of even one specific lien that Plaintiffs actually lost to G3 because of alleged simultaneous bidding;

- How the "allocation system" to allegedly distribute liens among bidders who bid 0% simultaneously on a particular lien can provide Plaintiffs a basis for damages; and

- How the Wilsons had any involvement in any alleged simultaneous bidding.

As a result, the G3 Defendants do not believe that they have any liability to Plaintiffs.

Dated:  November 12, 2009        Respectfully submitted,

                                 G3 HOLDINGS, L.L.C., GREGORY WILSON,
                                 And DONALD GRANT WILSON


                                 By: /s/ E. Bryan Dunigan
                                      One of their attorneys

MARK H. HOW
Texas Bar No. 10059900
MARK FRELS
Texas Bar No. 07438200
HOW FRELS BERMAN ROHDE WOODS & DUKE
2027 Young Street
Dallas, Texas  75201
214-720-2220 Telephone
214-720-2240 Facsimile

E. BRYAN DUNIGAN
State Registration No. 0691356
THE LAW OFFICES OF E. BRYAN DUNIGAN
221 North LaSalle Street, Suite 1454

Chicago, Illinois  60601
312-857-2114 Telephone
312-372-1733 Facsimile

## Certificate of Service

I hereby certify that on the 12th day of November, 2009, a copy of the foregoing G3 Defendants' Mediation Position Paper was served by email upon the individuals listed on the Service List.

/s/ E. Bryan Dunigan

## SERVICE LIST

| | |
|---|---|
| *Counsel for Plaintiffs, Phoenix Bond & Indemnity, Co.   and    BCS Services, Inc.* | **Andrew L. Mathews**<br>amathews@reedsmith.com<br>**John William Moynihan**<br>jmoynihan@sachnoff.com<br>**Jonathan Stuart Quinn**<br>jquinn@reedsmith.com<br>**Lowell E. Sachnoff**<br>lsachnoff@sachnoff.com<br><br>*Reed Smith LLP*<br>10 South Wacker Drive, 40th Floor<br>Chicago, IL 60606<br>Ph:  312-207-1000 |
| *Counsel for Defendants, Heartwood 88, LLC BankAtlantic Bancorp., and Atlantic Municipal Corp.* | **Christopher K. Meyer**<br>cmeyer@sidley.com<br>*Sidley Austin, LLP*<br>One South Dearborn Street<br>Chicago, IL 60603<br>Ph:  312-853-7000<br><br>**Robert A. Holland**<br>rholland@sidley.com<br>*Sidley Austin, LLP*<br>555 W. Fifth Street, Suite 4000<br>Los Angeles, CA 90013<br>Ph:  213-896-6000<br><br>**Ana T. Barnett**<br>abarnett@swmwas.com<br>*Stearns Weaver Miller Weissler Alhadeff & Sitterson, PA*<br>150 W. Flagler Street, Suite 2200 |

| | |
|---|---|
| | Miami, FL 33130<br>Ph: 305-789-3514 |
| *Counsel for Richard Turer; Jeffrey Bridge; Regal One, LLC; Jason Baumbach; Optimum Financial, Inc.; Carpus Investments, LLC; Francis Alexander Georgetown Investors, LLC;*<br>*Bamp, LLC;*<br>*Anthony DeLaurentis, and*<br>*Richarony, LLC* | **Elisha S. Rosenblum**<br>esrosenblum@okgc.com<br>*O'Halloran, Kosoff, Helander & Geitner, PC*<br>650 Dundee Road, Suite 475<br>Northbrook IL 60062<br>847-291-0200 |
| *Counsel for Sass Muni-IV, LLC;*<br>*M.D. Sass Municipal Finance Partners-IV, LLC;*<br>*Sass Muni-V, LLC;*<br>*M.D. Sass Municipal Finance Partners-V, LLC; M.D. Sass Tax Lien Management, LLC;*<br>*M.D. Sass Investor Services, Inc.;*<br>*Vinaya Jessani; and*<br>*Kirk Allison* | **James E. Bayles, Jr.**<br>jbayles@morganlewis.com<br>**Theodore M. Becker**<br>tbecker@morganlewis.com<br>**Todd E. Domjan**<br>tdomjan@morganlewis.com<br>**Allyson N.W. Paflas**<br>apaflas@morganlewis.com<br>**Richard J. Pearl**<br>rpearl@morganlewis.com<br>**Brandon L. Spurlock**<br>bspurlock@morganlewis.com<br>*Morgan, Lewis & Bockius LLP*<br>77 West Wacker Drive, 5th Floor<br>Chicago, IL 60601<br>Ph: (312) 324-1000<br>Fax: (312) 324-1001 |

| | |
|---|---|
| *Counsel for Defendants Robert Jensen; Joseph Varan; Cronus Projects, LLC Gregory Ellis GJ Venture, LLC and L.C.C. Venture, LLC* | **Kevin J. Clancy** Kclancy@lowis-gellen.com **Martin W. McManaman** martym@lowis-gellen.com **Patrick R. Moran** pmoran@lowis-gellen.com *Lowis & Gellen, LLP* 200 West Adams St., Suite 1900 Chicago, IL 60606 Ph: 312-364-2500 |
| *Counsel for BG Investments, Inc.; Bonnie J. Gray; David Gray; Atlantic Municipal Corp; Midwest Real Estate Investment Co.; Midwest Real Estate Investment Company Employee Profit Sharing Plan & Trust; David* | **Edward W. Feldman** efeldman@millershakman.com **Arthur W. Friedman** afriedman@millershakman.com **Stuart M. Widman** swidman@millershakman.com *Miller Shakman & Beem, LLP* 180 North LaSalle Street, Suite 3600 Chicago, IL 60601 Ph: (312) 263-3700 Fax: (312) 263-3270 |
| *Counsel for HBZ, Inc.; Lori Levinson; and Judith Berger* | **S. Joseph Formusa** (312-782-8334) formusa12@sbcglobal.net *Rabens, Formusa & Glassman, Ltd.* 33 North LaSalle Street, Suite 2800 Chicago, IL 60602 **Michael D. Sher** msher@ngelaw.com *Neal, Gerber & Eisenberg, LLP* Two North LaSalle Street, Suite 2200 Chicago, IL 60602 Ph: (312) 269-8000 Fax: (312) 269-1747 |

| | |
|---|---|
| *Counsel for SALTA Group, Inc. and Marshall Atlas* | **Steven R. Rappin**<br>srappin@hrolow.com<br>**Elizabeth Monkus**<br>emonkus@hrolaw.com<br>*Hauselman & Rappin & Olswang, Ltd.*<br>39 South LaSalle Street, Suite 1105<br>Chicago, IL 60603<br>**312-372-2020**<br>Fax: 312-372-0404<br><br>**Edward M. Genson**<br>gensongillespie@aol.com<br>*Genson & Gillespie*<br>53 West Jackson Blvd., Suite 1420<br>Chicago, IL 60604<br>312-726-9015 |
| *Counsel for Wheeler-Dealer, Ltd. and Timothy E. Gray* | **William T. Huyck**<br>*Law Office of William Thomas Huyck*<br>tomhuyck@yahoo.com<br>122 S. Michigan Avenue, Suite 1850<br>Chicago, IL 60603<br>312-427-7500 |
| *Counsel for Defendants Douglas Nash; DRN II, Inc. Jeshay LLC; and Mud Cats Real Estate, LLC* | **Mark F. Wolfe**<br>mwolfe@traublieberman.com<br>**Elise N. Willis**<br>ewillis@traublieberman.com<br>*Traub, Lieberman, Straus & Shrewsberry*<br>303 W. Madison St., Suite 1200<br>Chicago, IL 60606<br>Ph: 312-332-3900 |
| *Counsel for John Bridge; SI Securities, LLC; SI Boo, LLC; CMS Services, LLC; SI Securities Management, Inc.; CCPI, LLC; Kenneth Rochman, Kevin Sierzega; Barrett Rochman; Sabre Group, LLC; Jesse Rochman; Corinne Rochman; Christopher Rochman; BRB Investments, LLC; CCJ Investments, LLC , and CMS Services, LLC; Gregory Bingham; Aztek Partners, LLC, and Chonus, Inc.* | **Harold L. Moskowitz**<br>hlmatty@aol.com<br>*Law Offices of Harold L. Moskowitz*<br>55 West Monroe St., Suite 1100<br>Chicago, IL 60603<br>Ph: 312-977-0223<br><br>**Donald B. Levine**<br>dlevine@lljlaw.com<br>**Brian D. LeVay**<br>blevay@lljlaw.com |

|  | **Saskia Nora Bryan**<br>sbryan@lljlaw.com<br>*Latimer, LeVay & Jurasek, LLC*<br>55 W. Monroe St., Suite 1100<br>Chicago, IL 60603<br>Ph: 312-422-8000 |
|---|---|
| *Counsel for Michael DeLuca and Gary Branse* | **Scott Nelson**<br>snelson@rwrlaw.com<br>**James R. Quinn**<br>jrquinn@rwrlaw.com<br>**Tammy L. Wade**<br>tlwade@rwrlaw.com<br>*Ruff, Weidenaar & Reidy, Ltd.*<br>222 N. LaSalle St., Suite 700<br>Chicago, IL 60601<br>Ph: 312-263-3890 |
| *Counsel for Defendants:*<br>  Patrick Quinn<br>  Tax Play, Inc.<br>  Tax Capital, LLC | **Patrick J. Heneghan**<br>heneghan@sw.com<br>*Schopf & Weiss, LLP*<br>One South Wacker Dr., 28th Floor<br>Chicago, IL 60606<br>Ph: 312-701-9300<br>Fax: 312-701-9335 |