**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PHOENIX BOND & INDEM. CO., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05 C 4095** |
| | ) | **consolidated with** |
| **JOHN BRIDGE, et al.,** | ) | **Case No. 07 C 1367** |
| | ) | |
| **Defendants.** | ) | |
| ------------------------------------------------------- | ) | |
| | ) | |
| **BCS SERVS., INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **HEARTWOOD 88, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

The Sass defendants have moved the Court to reconsider the methodology it used for the setoff in this case. In their motion, they propose a methodology they did not suggest in any of the five submissions they made regarding the setoff issue. They have therefore forfeited the point.

Even were this not the case, the Court would deny the motion. The "one satisfaction" doctrine is an equitable doctrine. The cases adopting it do not set an algebraic formula for its application, because none exists. The Court concluded that allocating the settlement payments between compensatory and punitive damages in the

same proportions determined by the jury was a fair and equitable allocation that did not unduly favor either side, and it continues to believe that was the case.

The Sass defendants contend that the Court should have taken account of the fact that when the settling defendants settled, they took into account not just their potential exposure to compensatory and punitive damages, but also their exposure to RICO trebling of a compensatory award. They argue that if the Court took this into account, they would be entitled to a greater setoff. Perhaps so. But it is also likely that when the other defendants settled, they were also paying to avoid other potential harms that, if taken into account on the setoff issue, might reduce the amount of the Sass defendants' setoff. Among these additional factors the settling defendants likely took into account were the fact that they themselves would incur significant legal fees in preparing for and trying what was then expected to be a six-week jury trial; the fact that the need to meet with lawyers to prepare would divert their attention from business and other activities; the significant possibility of reputational damage if they lost; the likelihood of having to pay additional legal fees for an appeal irrespective of the result of the trial; and so on. Indeed, were the Court to attempt to account for these factors, it might be led to deny a setoff altogether on the ground that the payments by the settling defendants do not actually offset, or do not offset in a material way, the amount of compensatory and punitive damages awarded against the Sass defendants at trial.

Assuming a setoff is appropriate, there is no doubt that there are other methodologies the Court could have used. For example, the Court could have assumed that the settlement, if nothing else, included an attorney's fee component given the availability of fee-shifting under RICO, factored that in, offset a much smaller

sum against the amounts awarded by the jury, and then figured out later whether the

Sass defendants were entitled to an offset against a RICO fee award (unlikely, because

the fees likely would have been greater had the other defendants remained in the

case). Some of these methodologies might have been better for the Sass defendants,

and some of them might have been worse. But the availability of other methodologies

does not render infirm the one the Court used. The Court remains convinced that the

setoff methodology it used was appropriate.

### Conclusion

For the reasons stated above, the Court denies the Sass defendants' motion to

reconsider [Case No. 05 C 4095, docket no. 943].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 31, 2012