## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PHOENIX BOND & INDEMNITY CO., et al., | ) ) ) | Case Nos. 05 C 4095 and 07 C 1367 (Consolidated cases) |
| Plaintiffs, | ) ) | Judge Matthew F. Kennelly |
| v. | ) ) | |
| JOHN BRIDGE, et al., | ) ) | |
| Defendants. | ) | |

## DEFEENDANTS-APPELLANTS' JOINT REQUEST FOR THE CLERK OF COURT TO REFUND DOCKETING FEES

Defendants-Appellants BG Investments, Inc.; Bonnie J. Gray; Midwest Real Estate Investment Company; Midwest Real Estate Investment Company Employee Profit Sharing Plan and Trust; Atlantic Municipal Corporation; and Bonnie Gray as executor of the Estate of David R. Gray and trustee of the David Gray Revocable Trust ("the BG defendants"); and MD Sass Investors Services, Inc.; MD Sass Tax Lien Management, LLC; Sass Muni-IV, LLC; Sass Muni-V, LLC; MD Sass Municipal Finance Partners-IV, LLC; MD Sass Municipal Finance Partners-V, LLC; Vinaya Jessani; and Kirk Allison ("the Sass defendants") (collectively, "the joint appellants"), by their attorneys, respectfully request pursuant to Federal Rules of Appellate Procedure 4(a)(4)(B)(ii)-(iii) and 27 the return of the docketing fees that they paid when filing their amended notices of appeal. In support of this request, the joint appellants state as follows:

1.     On December 22, 2012, the district court entered its final order awarding attorneys' fees and costs. (Case No. 05 C 4095, Dkt. 1114-15; Case No. 07 C 1367, Dkt. 998-99.) Each of the joint appellants timely appealed the December 22, 2012 fee order to the Seventh Circuit Court of Appeals, paid the required docketing fees (Case No. 05 C. 4095, Dkt. 1118, 1120; Case No. 07 C 1367, Dkt. 1004, 1006), and the four appeals were consolidated with the joint appellants' appeal of the underlying judgment (Case No. 12-3235, Dkt. 42).

2.     On January 18, 2013, within twenty-eight days of the district court's entry of the December 22, 2012 fee order, plaintiffs BCS Services, Inc. and Phoenix Bond & Indemnity Company (collectively, "the plaintiffs") moved, pursuant to Federal Rule of Civil Procedure 60(a), to correct the fee order. (Case No. 05 C 4095, Dkt. 1132.) On February 8, 2013, after the Seventh Circuit granted a limited remand for that purpose, the district court granted the plaintiffs' Rule 60(a) motion and corrected the December 22, 2012 fee award. (Case No. 05 C 4095, Dkt. 1145; Case No. 07 C 1367, Dkt. 1027.)

3.     On February 27 and 28, 2013, pursuant to Rule 4(a)(4)(B)(ii)-(iii), the joint appellants amended their respective notices of appeal of the attorneys' fees and costs order to reflect an appeal from the December 22, 2012 fee order – as corrected in the district court's February 8, 2013 order. (Case No. 05 C 4095, Dkt. 1146, 1150; Case No. 07 C 1367, Dkt. 1028, 1032.) The Seventh Circuit docketed the amended notices of appeal and assigned case numbers 13-1433, 13-1435, 13-1449, and 13-1450.

On March 6, 2013, these appeals were consolidated with the related pending appeals. (Case No. 12-3235, Dkt. 76.)

4.     Federal Rule of Appellate Procedure 3(e) requires that, "[u]pon filing a notice of appeal, the appellant must pay the district court all required fees." When filing an amended notice of appeal, however, "[n]o additional fee is required." Fed. R. App. P. 4(a)(4)(B)(iii).

5.     "A notice of appeal may be amended within the time allowed for appeal." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). A party seeking to challenge an order disposing of a Rule 60 motion that was filed within twenty-eight days after entry of the original order has thirty days from the entry of the order disposing of the Rule 60 motion in which to file a notice of appeal, or an amended notice of appeal. Fed. R. App. P. 4(a)(4)(A)(vi) & (B)(ii). Because the joint appellants filed their amended notices of appeal within the time allowed by Rule 4(a)(4)(B)(ii), additional docketing fees are not required.

6.     When filing their respective amended notices of appeal on February 27, 2013 (in the case of the Sass defendants) and on February 28, 2013 (in the case of the BG defendants), the joint appellants were required by the CM/ECF system to pay the $455 docketing fee for each amended notice, for a total of $910 for the Sass defendants (Case No. 05 C 4095, Dkt. 1146, Receipt No. 0752-8092141; Case No. 07 C 1367, Dkt. 1028, Receipt No. 0752-8092194), and $910 for the BG defendants (Case No. 05 C 4095, Dkt. 1150, Receipt No. 0752-8096194; Case No. 07 C 1367, Dkt. 1032, Receipt No. 0752-8096346). The joint appellants paid these fees, despite the fact that

they are not necessary under Rule 4(a)(4)(B)(iii) because, as noted above, they were required to do so by the CM/ECF system. Accordingly, the joint appellants seek an order refunding $910 to the Sass defendants, and $910 to the BG defendants.

 **WHEREFORE**, the joint appellants respectfully request that the Clerk refund to the joint appellants the docketing fees paid for their amended notices of appeal.

Dated: April 15, 2013       Respectfully submitted,

          **THE SASS DEFENDANTS**

          By:   /s/Mark L. Rotert
            One of Their Attorneys

          Mark L. Rotert
          STETLER, DUFFY & ROTERT, LTD.
          10 South LaSalle Street, Suite 2800
          Chicago, IL 60603
          Tel. (312) 338-0200
          Fax (312) 338-0070
          mrotert@sdrlegal.com

          **THE BG DEFENDANTS**

          By:   /s/Arthur W. Friedman
            One of Their Attorneys

          Arthur W. Friedman
          MILLER SHAKMAN & BEEM LLP
          180 North LaSalle Street, Suite 3600
          Chicago, IL 60601
          Tel. (312) 263-3700
          Fax. (312) 263-3270
          afriedman@millershakman.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2013, I electronically filed the foregoing **Defendants-Appellants' Joint Request for the Clerk of Court to Refund Docketing Fees** with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/  Mark L. Rotert